# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6753
DIRECT FAX: 302-576-3416
mwhiteman@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
 (NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 27, 2007

**BY E-FILE**

The Hon. Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324
Lockbox 19
Wilmington, DE 19801

Re:   AlixPartners, LLP, as Trustee of the Omega Liquidating Trust
      v. Austin CAD et al., Civil Action No. 05-596-GMS

Dear Chief Judge Sleet:

I am writing on behalf of Appellant AlixPartners, LLP, as trustee of the Omega Liquidating Trust (the "Trustee"), in the above-referenced appeal (the "Appeal") from an order issued by the Bankruptcy Court on September 24, 2005 (the "Order"). Briefing on the Appeal is complete,[1] and the Trustee respectfully submits this letter, in accordance with Rule 7.1.2(c) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, to bring to the Court's attention the case of *Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Communications Corp.)*, Case No. 06-2915, 2007 U.S. App. LEXIS 16942 (3d Cir. July 17, 2007). A copy of the opinion is attached hereto for the Court's convenience.

---

[1] In accordance with the Scheduling Order in this Appeal, the Trustee filed its Opening Brief on September 5, 2006. Appellees' briefs were due on September 20, 2006; however, no such briefs were filed and, as such, the Trustee believes that briefing for the Appeal is complete. As set forth in the Letter to the Court dated February 7, 2007, the dispute with respect to several of the Appellees has been resolved. However, the remaining Appellees do not have statutory authority to settle tax disputes such as these, and therefore, these disputes cannot be resolved without court order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Hon. Gregory M. Sleet
September 27, 2007
Page 2

As the Court is aware, the Appeal arises from certain limitations imposed by Judge Peterson in the Bankruptcy Court on evidence that could be offered and considered to establish the fair market value of certain fiber optic lines and other telecommunications equipment for purposes of determining the proper value of certain property tax claims. In the underlying matter, the Trustee asserted that the "cost approach" to valuation utilized by the applicable taxing authorities did not accurately account for the failure of many telecommunications companies in the early 2000s or the resulting glut of telecom assets in the market, with a corresponding depression in the value of the used equipment at issue in the claims.

In its Opening Brief in this Appeal, the Trustee asserted, among other things, that (i) the Bankruptcy Court erred in prohibiting use of any sales data from various telecommunications bankruptcy cases for valuation purposes, (ii) the Bankruptcy Court erred in relying upon inadmissible hearsay to find that the telecommunications market was not depressed, and (iii) the Bankruptcy Court abused its discretion in finding that the unadjusted C.A. Turner Index (used by certain taxing authorities) was an appropriate indicator of the fair market value of this equipment, where that index did not account for economic obsolescence or the glut of used telecommunications equipment.

In the recently issued *Teleglobe* opinion, the Third Circuit expressly acknowledged the market conditions that the Trustee argued at trial were an essential aspect of an appropriate valuation of the equipment at issue and which have subsequently become one of its bases for appeal:

> As stock market junkies may recall, Teleglobe was but one of many victims of the "telecom meltdown" of 2000-2001. In the late 1990s deregulation in the United States and Europe touched off a rush to build new telecom infrastructure. Like so many other companies in that period, Teleglobe spent much debt capital to build fiberoptic lines around the world. Because of the ensuing glut of infrastructure, prices tumbled, and Teleglobe, along with a host of other over-leveraged telecom firms, went bankrupt. *See, e.g.*, Peter Elstrom & Heather Timmons, *Telecom Meltdown*, BUSINESSWEEK, Apr. 23, 2001, at 100; Gordon Pitts, *When Friends Do Business with Each Other*, GLOBE & MAIL (CANADA), Apr. 27, 2002, at B1.

2007 U.S. App. LEXIS 16942, at *7 n.4. The Trustee respectfully submits that the Third Circuit's recognition of the "telecom meltdown" and the consequences of the "ensuing glut of infrastructure" lends credence to the Trustee's arguments in this Appeal and not only directly contradicts the Bankruptcy Court's finding of a lack of depression in the telecommunications industry but also highlights the prejudice to the Trustee of the Bankruptcy Court's blanket refusal to consider sales data derived from bankrupt telecommunications companies during the relevant period.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Hon. Gregory M. Sleet
September 27, 2007
Page 3

        As always, counsel is available at the Court's convenience to answer any questions Your Honor may have with respect to this letter or the merits of the Appeal.

        Respectfully,

        Margaret B. Whiteman

mbw

cc:    Counsel to Appellees